IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARBARA FERRARA-FALTINEK, | § § | |
| Plaintiff, | § § | |
| VS. | § § | No. 2:23-cv-153 |
| WEST TEXAS A&M UNIVERSITY, | § § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Barbara Ferrara-Faltinek files this Complaint against Defendant West Texas A&M University.

## Parties

1. Plaintiff Barbara Ferrara-Faltinek is an individual residing in Texas.

2. Defendant West Texas A&M University is a public university located in Canyon, Texas. West Texas A&M University may be served with process through its president, Walter V. Wendler, 2501 4th Avenue, Canyon, Texas 79015.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction under Title VII of the Civil Rights Act of 1964. Venue is proper because West Texas A&M is located in this District and because all of the relevant events occurred in this District.

## Claim for Relief

4. Ms. Ferrara-Faltinek has worked in the campus police department at West Texas A&M University (WTAMU) since 2010. In 2016, she was promoted to Criminal

1

Investigations Division Sergeant. A few years later, her title was changed to Lieutenant although her job duties did not change. Her counterpart at the time, Sergeant (later Lieutenant) Zach Nethery was over the Patrol Division.

5. Ms. Ferrara-Faltinek had ongoing issues with Lieutenant Nethery, including gender discrimination. She went to Chief Shawn Burns about Lieutenant Nethery in 2017 and discussed filing a formal complaint. Chief Burns told Ms. Ferrara-Faltinek that filing a complaint that would make it "worse" for her. Ms. Ferrara-Faltinek asked Chief Burns what he meant by that, but he would not answer. Ms. Ferrara-Faltinek interpreted this to be a threat of retaliation if she moved forward.

6. Over time, Chief Burns treated Ms. Ferrara-Faltinek differently from her male counterparts. For example, he encouraged other officers to bypass the chain of command (thus avoiding Ms. Ferrara-Faltinek) and spoke to her disrespectfully in front of subordinates.

7. In fall of 2021, several female officers filed gender discrimination complaints through the WTAMU Title IX office against Aaron Price, a former WTAMU Patrol Sergeant. Ms. Ferrara-Faltinek was contacted by the Title IX investigators as a potential witness in the case and to inquire if she was also a victim of gender discrimination or harassment. Ms. Ferrara-Faltinek gave the investigator and coordinator truthful information about what she had heard, most of which was indirect information, as well as describing the effects on some of the female officers. She also disclosed some of what she had been subjected to by Chief Burns and Lieutenant Nethery, some of which was facilitated by Sergeant Price as well. She voiced concerns about

retaliation by Chief Burns because of his previous statements as well as his reputation for retaliating against others. Ms. Ferrara-Faltinek's statements to the investigators were protected activity for purposes of Title VII. *See Crawford v. Metro. Gov't of Nashville & Davidson Cty.*, 555 U.S. 271 (2009).

8. Chief Burns proceeded to retaliate against everyone involved in the investigation. He sought to discredit the Title IX Coordinator. He threatened to "stack bodies, starting across the hall," referring to the Title IX Coordinator and the other officers who cooperated in the investigation. Since he made those threats, he has not only succeeded in getting the former Title IX Coordinator fired, but he has also fired another female officer. At least six other officers have resigned, including both of the female complainants in the Title IX case.

9. Chief Burns proceeded to derail Ms. Ferrara-Faltinek's career track as an investigative supervisor. Ms. Ferrara-Faltinek was an investigative supervisor for over six years and had more than double that in investigative experience. Chief Burns moved Ms. Ferrara-Faltinek to "Police Training and Compliance", which is a created position he fabricated in order to separate Ms. Ferrara-Faltinek from the rest of the department, in retaliation for her cooperation in the Title IX investigation. He assured Ms. Ferrara-Faltinek that the move was not a "demotion". Chief Burns claimed Ms. Ferrara-Faltinek is the only one in the department with the "skill set" to do the job, which involves oversight of Texas Police Chief's Association accreditation and TCOLE compliance. This was not true. In fact, this is the job Assistant Chief Robert Byrd was hired to do as that position was initially created specifically for accreditation. Ms. Ferrara-Faltinek now has

Assistant Chief Byrd's job plus about 25% of her responsibilities as an investigative supervisor. Chief Burns literally gave Ms. Ferrara-Faltinek an hour's notice before announcing this position change to the rest of the department despite knowing he was going to remove her from my career track at least weeks if not months ahead of that time. Additionally, the office Ms. Ferrara-Faltinek was forced to move into is completely out of the secure area of the police department and into an isolated area of the training room away from everyone else.  All of this was done as a punishment for Mr. Ferrara's cooperation in the investigation.

10. Chief Burns regularly made veiled, and not so veiled, threats to Ms. Ferrara-Faltinek.  He blamed her for all of the complaints that other employees were filing.  This ongoing conduct was severe and pervasive and made it difficult for Ms. Ferrara-Faltinek to do her job.

11. Chief Burns had previously told the members of the department that they would be fired if they filed a complaint.  He told other employees that he was going to fire those who were involved in the complaint and investigation.  Naturally, these comments got back to the employees involved in the investigation, including Ms. Ferrara-Faltinek.  He made similar statements in front of the whole department at a departmental meeting, so his retaliatory nature was and is well-known.

12. Despite the risk of further retaliation, on June 20, 2022, Ms. Ferrara-Faltinek filed a complaint with the Office of Civil Rights with the Department of Education.

13. On September 6, 2022, Ms. Ferrara-Faltinek met with Chief Burns and the Assistant Chief.  Chief Burns blamed Ms. Ferrara-Faltinek for anonymous complaints that

had been made against him. Chief Burns said that if he found out it was Ms. Ferrara-Faltinek filing the complaints, she would be fired. Ms. Ferrara-Faltinek asked him to clarify that he was telling her if she filed a complaint she would be fired, and Chief Burns said, "yes".

14. On October 13, 2022, the Office of Civil Rights referred the complaint to the EEOC for investigation. The Office of Civil Rights sent a copy of the complaint to the EEOC. Ms. Ferrara-Faltinek separately uploaded a complaint summary to the EEOC. The Office of Civil Rights indicated that the complaint would be sent to WTAMU.

15. Afterwards, the situation became even more hostile for Ms. Ferrara-Faltinek. Many of the other employees in the campus police department ostracized Ms. Ferrara-Faltinek.

16. In January 2023, Ms. Ferrara-Faltinek was passed over for a promotion in favor of an employee who had significantly inferior credentials and training for the position.

17. On March 6, 2023, Ms. Ferrara-Faltinek filed a separate charge of discrimination with the EEOC. The EEOC issued a right to sue letter on June 30, 2023.

18. All conditions precedent have occurred or been satisfied.

19. WTAMU violated Title VII of the Civil Rights Act of 1964 by retaliating against Ms. Ferrara-Faltinek for her opposition to discrimination. The retaliation included removing her from her career track and subjecting her to a hostile work environment. WTAMU is liable to Ms. Ferrara-Faltinek for compensatory damages, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

Ms. Ferrara-Faltinek seeks equitable relief to remove any negative references from her record and to remedy any other retaliatory actions that WTAMU has taken.

20. Ms. Ferrara-Faltinek demands a trial by jury.

For the foregoing reasons, WTAMU and the System should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Ms. Ferrara-Faltinek and against WTAMU compensatory damages, reinstatement or in the alternative front pay, attorneys' fees, equitable relief, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which she may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes, Attorney in Charge
State Bar No. 09907150
Southern District No. 5494
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: 713-586-8862
Fax: 713-586-8863

ATTORNEY FOR PLAINTIFF