IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARBARA FERRARA-FALTINEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-cv-153-Z-BR |
| | § | |
| WEST TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER TO SHOW CAUSE

The undersigned—to be courteous to the attorneys who had recently appeared in-person for a Rule 16 conference in another related case—set the Rule 16 Conference in this case to occur via Zoom. (ECF 10 at 1). Unfortunately, that courtesy has backfired. Lead counsel for both parties have now failed to appear at the Court's Rule 16 Conference on two separate occasions.[1] (ECF 10; ECF 17).

Rule 16(f) of the Federal Rules of Civil Procedure states:

(1) *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:

    (A) fails to appear at a scheduling or other pretrial conference;

    (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or

    (C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs*. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule,

---

[1] Mr. James Joyce has appeared at both conferences; however, the Court's orders could not be clearer that **lead counsel** is required to appear. (*See* ECF 10 at 1). In fact, after lead counsel for both parties failed to appear at the first scheduled Rule 16 Conference, in the order resetting the Rule 16, the undersigned specifically noted in underlined and bold text that Drew Harris and David Holmes are required to appear at the Rule 16. (*See* ECF 17) ("**Lead counsel for each party—David C. Holmes for Plaintiff and Drew L. Harris for Defendant—must participate in the conference…**").

unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

Both parties have disregarded the Court's orders.[2] Accordingly, the Court ORDERS David Holmes and Drew Harris to explain in writing why they should not be sanctioned under Rule 16(f) for failure to appear at the Rule 16 Scheduling Conference; the first time on January 11, 2024 and the second time today, January 18, 2024. (ECF 10; ECF 17). The written explanation must be filed on or before **Friday, January 26, 2024**.

Additionally, the Court will conduct a show cause hearing on **Wednesday, January 31, 2024 at 1:30 p.m. in-person** in the Second Floor Courtroom of the Mary Lou Robinson Federal Courthouse at 205 SE 5th Street, Amarillo, TX 79101. **Mr. David Holmes and Mr. Drew Harris are ORDERED to appear at this hearing in-person** and show cause why they should not be sanctioned under Rule 16(f) for failure to appear at the Rule 16 Conference on two separate occasions.

IT IS SO ORDERED.

ENTERED January 18, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

[2] In addition to missing the two scheduled Rule 16 conferences, Mr. David Holmes has failed to obtain local counsel in accordance with the Standing Orders. (*See* ECF 9; *see also* ECF 19).

2