IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BARBARA FERRARA-FALTINEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:23-cv-153-Z-BR |
| | § | |
| WEST TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER VACATING SHOW CAUSE HEARING

After lead counsel for both parties failed to appear at two scheduled Rule 16 Conferences, the undersigned entered an Order to Show Cause why the parties should not be sanctioned under Rule 16(f). (ECF 21 at 2). In addition, the Order to Show Cause set a show cause hearing to take place in-person in the Second Floor Courtroom of the Mary Lou Robinson Federal Courthouse at 205 SE Fifth Street, Amarillo, TX 79101 on Wednesday January 31, 2024 at 1:30 p.m. (ECF 21 at 2).

### A. Defendant West Texas A&M's Former Lead Counsel

On January 26, 2024, Defendant West Texas A&M University filed its Response to the Court's Order to Show Cause. (ECF 23). In its Response, Defendant's former lead counsel—Mr. Drew Harris—explains why he could not attend the first two scheduled Rule 16 Conferences, which were set to occur via Zoom. (ECF 23 at 1–2). The undersigned recognizes that litigators are busy and have busy schedules; however, the undersigned prefers parties to be more candid and forthcoming than Mr. Harris has been thus far when it comes to conflicts and scheduling to save the Court's time and resources.[1] Finally, in the Response, Mr. Harris advises the Court that Mr.

---

[1] In general, the undersigned does not find the excuses in Defense Counsel's Response for failing to appear or contact the Court to be particularly compelling. First, Mr. Harris unilaterally determined that he—lead counsel for Defendant—did not need to appear or, at the very least, file a motion with the Court before missing the January 11

Joyce will take over as lead counsel.[2]

### B. Plaintiff's Counsel

It has come to the attention of the Court that Mr. David Holmes—counsel for Plaintiff—has become non-responsive in the last few weeks. And there is also a concern that Mr. Holmes is having health issues which have caused him to become non-responsive. Regardless, it appears as though Mr. Holmes has missed numerous court deadlines for health-related complications outside of his control.

Based on the foregoing, the January 31, 2024 show cause hearing is hereby VACATED.

IT IS SO ORDERED.

ENTERED January 30, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

---

Conference, despite the Standing Orders requiring his attendance. (ECF 23 at 1; ECF 10 at 1). Had Mr. Harris filed a motion to continue or a motion to have co-counsel appear in the place of lead counsel, explaining his request, the undersigned almost certainly would have granted the motion. Second, after Mr. Harris failed to appear for the January 11 Rule 16, the undersigned specifically ordered him—***by name***—to appear for the January 18 Conference. (ECF 17). Even so, Mr. Harris did not show up or file a motion with the Court, which diminishes his claim that he thought co-counsel's presence would suffice. (*See* ECF 23 at 2). Third, the Court's Standing Orders requiring lead counsel to appear at the Rule 16 is not contingent upon a scheduling dispute between the parties, despite Defense counsel's—admittedly creative—argument to the contrary. (ECF 28 at 2).

[2] Given the circumstances of Mr. Joyce's designation as lead counsel, if a situation arises in which Mr. Harris attempts to redesignate himself as lead counsel, the undersigned will treat such a request with heightened scrutiny.