IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

BARBARA FERRARA-FALTINEK

     Plaintiff,

v.

                        2:23-CV-153-Z-BR

WEST TEXAS A&M UNIVERSITY

     Defendant.

## ORDER

Before the Court is Defendant West Texas A&M University's ("WTAMU") Partial Motion to Dismiss ("MTD") (ECF No. 7), filed November 27, 2023. It is **DENIED**.

### BACKGROUND

Plaintiff, according to WTAMU, failed to exhaust administrative remedies and properly plead both "hostile work environment" and "retaliatory hostile work environment" claims. *See* ECF Nos. 8 at 1 (hostile work environment); 12 at 1 (retaliatory hostile work environment). Plaintiff, however, pled a Title VII *retaliation* claim. *See* ECF No. 1 at 5 ("WTAMU violated Title VII . . . by retaliating against [Plaintiff].").

### LEGAL STANDARD

WTAMU moves to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1), (b)(6), and (c). This Court "must consider first the Rule 12(b)(1) jurisdictional challenge prior to addressing the merits of the claim." *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 487 (5th Cir. 2014).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint "does not need detailed factual allegations," the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 WRIGHT & MILLER, FED. PRAC. & PROC. § 1216, 235–36 (3d ed. 2004)).

### ANALYSIS

WTAMU argues that Plaintiff "still need[s] to plead facts that demonstration [sic] a 'hostile work environment.'" ECF No. 12 at 1. Plaintiff responds "there is no freestanding hostile work environment claim in this case. Instead, Plaintiff alleges <u>retaliation</u> . . . ." ECF No. 11 at 1 (emphasis in original).

WTAMU would be correct if Plaintiff pled a hostile work environment claim, but she did not. And retaliation is separate from a hostile work environment claim under Title VII. *Compare Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir. 1996) ("A plaintiff establishes a prima facie case for unlawful retaliation by proving (1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action.") *with Harvill v. Westward Comms, LLC*, 433 F.3d 428, 434 (5th Cir. 2005) (hostile work environment elements).

At no point in WTAMU's briefing does it argue that Plaintiff failed to adequately plead a Title VII *retaliation* claim. Thus this Court need not consider whether it has done so now. WTAMU's MTD is **DENIED** accordingly.

**SO ORDERED**.

February __9__, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

2